IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MANIFEST ENTITY,<br><br>　　　　　　　　Defendant. | 8:18CR236<br><br>FINDINGS AND RECOMMENDATION |

　　　This matter is before the Court on Defendant's Motion to Dismiss the Indictment, which charges him with one count of violating the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), for failing to register as a sex offender in Nebraska. (Filing No. 26). Defendant asserts that the indictment must be dismissed because Congress violated the nondelegation doctrine by delegating to the Attorney General the authority to apply SORNA to pre-Act offenders such as Defendant, and that such issue is presently pending before the Supreme Court of the United States in *Gundy v. United States*, 138 S. Ct. 1260 (2018). For the reasons explained below, the undersigned recommends that the motion be denied, without a hearing.

　　　On or about November 10, 1998, Defendant was convicted of attempted sodomy in the first degree and sexual abuse in the first degree in Oregon. Several years later, on July 27, 2006, Congress passed SORNA, which imposes registration requirements on sex offenders. SORNA provides the Attorney general with "authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b)." 34 U.S.C § 20913(d). SORNA also provides the Attorney General with authority to "prescribe rules for the notification of sex offenders who cannot be registered in accordance with subsection." 34 U.S.C § 20919(b). On February 28, 2007, the Attorney General issued an interim rule making it "indisputably clear that SORNA applies to sex offenders (as the Act defines that term) regardless of when they were convicted." Office of the Attorney General; *Applicability of*

*the Sex Offender Registration and Notification Act*, 72 Fed. Reg. 8894, 8896 (2007).

Defendant argues that the indictment should be dismissed because Supreme Court granted certiorari in *Gundy v. United States*, 695 Fed. Appx. 639 (2d Cir. 2017), *cert. granted in part*, 138 S. Ct. 1260 (Mar. 5, 2018) on the issue of "[w]hether SORNA's delegation of authority to the Attorney General to issue regulations under 42 U.S.C. § 16913(d) violates the nondelegation doctrine," which is the same argument advanced by Defendant in this case. *Petition for Writ of Certiorari, Gundy v. United States*, 2017 WL 8132120 (U.S. Sept. 20, 2017). The Supreme Court heard oral argument on October 2, 2018, and has not yet issued a ruling.

The Eighth Circuit Court of Appeals has explicitly addressed the Attorney General's authority to determine SORNA's applicability to sex offenders convicted before the Act's enactment. See *United States v. Fernandez*, 710 F.3d 847 (8th Cir. 2013); *United States v. Kuehl*, 706 F.3d 917 (8th Cir. 2013). The Eighth Circuit concluded that "SORNA's relatively narrow delegation of authority to the Attorney General is guided by an intelligible principle and is consistent with the requirements of the nondelegation doctrine." *Fernandez*, 710 F.3d at 850 (citing *Kuehl*, 706 F.3d at 920). The Eighth Circuit therefore upheld the constitutionality of SORNA as it applies to pre-Act offenders.

Given the above Eighth Circuit precedent, this court must deny Defendant's motion to dismiss. Although the Supreme Court has granted certiorari on the same issue presented in this case, the Supreme Court has not issued its ruling.[1] Therefore, this Court is bound to follow the standing precedent of the Eighth Circuit. See *United States v. Knight*, No. 8:17CR368, 2018 WL 1725009, at *1 (D. Neb. Apr. 6, 2018)(Smith Camp, C.J.)(affirming magistrate judge's recommendation that a defendant's motion to dismiss be denied on the same grounds raised by Defendant in this case); *United States v. Keahl*, No. 4:08CR3187, 2010 WL 2854469, *2 n.1 (D. Neb. July 19, 2010)("The court recognizes that the United States Supreme Court granted certiorari . . . However, without any contrary authority from the Supreme Court, the court is bound by Eighth Circuit precedent"); *United States v. Swan*, 327 F. Supp.2d 1068, 1071 (D. Neb. 2004)("Under principles of stare decisis, decisions of the Eighth Circuit Court of Appeals have precedential value

---

[1] And, the Supreme Court may ultimately agree with the Eighth Circuit and its sister Circuits that have held SORNA validly delegated authority to the Attorney General. See *Kuehl*, 706 F.3d at 920 n.3 (collecting cases).

and must be followed by the district courts within the Eighth Circuit"). Given the Eighth Circuit's binding precedent that SORNA does not violate the nondelegation doctrine, the undersigned recommends that Defendant's motion to dismiss be denied.

Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert F. Rossiter, Jr., that Defendant's Motion to Dismiss Indictment (Filing No. 26) be denied.

Dated this 9th day of October, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

3