IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>MANIFEST ENTITY,<br><br>                Defendant. | 8:18CR236<br><br>**ORDER** |

       This matter is before the Court on defendant Manifest Entity's ("Entity") Motion to Dismiss Indictment (Filing No. 26). The Indictment alleges Entity violated the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 *et seq.*, by knowingly failing to register as a sex offender in Nebraska, in violation of 18 U.S.C. § 2250(a). Aptly noting "this very issue is presently before the United States Supreme Court,"[1] *see Gundy v. United States*, 138 S. Ct. 1260 (2018) (mem.) (granting certiorari), Entity argues SORNA is unconstitutional because the statute's delegation of authority to the Attorney General violates the nondelegation doctrine under Article I, sections 1 and 8 of the U.S. Constitution.

       On October 9, 2018, the magistrate judge[2] issued a Findings and Recommendation (Filing No. 30) recommending the Court deny Entity's motion without a hearing because the Eighth Circuit Court of Appeals has expressly decided that SORNA does not violate the nondelegation doctrine. *See*, *e.g.*, *United States v. Kuehl*, 706 F.3d 917, 920 (8th Cir. 2013) (concluding "SORNA is a valid delegation of authority because Congress provided the Attorney General with an intelligible principle to follow"). Entity objects (Filing

---

      [1]The Supreme Court heard oral argument on October 2, 2018.

      [2]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

No. 31) to the findings and recommendation but does not challenge the magistrate judge's analysis of binding Eighth Circuit precedent. Rather, he persists in his nondelegation argument "[t]o preserve this issue in the event of a favorable ruling" from the Supreme Court in *Gundy*.

Entity's persistence is wise given the possibility of a Supreme Court decision in *Gundy* validating his argument, but it remains—as yet at least—unavailing given the Eighth Circuit's unequivocal rejection of "an identical challenge to SORNA" in *Kuehl* and its progeny. *United States v. Fernandez*, 710 F.3d 847, 849 (8th Cir. 2013) (per curiam). Unless and until the Supreme Court determines SORNA violates the nondelegation doctrine and is unconstitutional, this Court is bound by the Eighth Circuit's controlling decision in *Kuehl* and must deny Entity's motion to dismiss. *See id.* Based on the foregoing,

IT IS ORDERED:
1. Defendant Manifest Entity's Statement of Objections (Filing No. 31) is overruled.
2. The magistrate judge's well-reasoned Findings and Recommendation (Filing No. 30) is accepted.
3. Entity's Motion to Dismiss Indictment (Filing No. 26) is denied.

Dated this 8th day of November 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge